# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MELVIA WASHINGTON,**

       **Plaintiff,**

**-vs-**                                                **Case No. 6:10-cv-321-Orl-28DAB**

**SEARS ROEBUCK AND CO.,**

       **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS (Doc. No. 186)**
>
> **FILED:**     **August 15, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff appeals Judge Antoon's order granting summary judgment in her case to Defendant Sears Roebuck and Company (Doc. 177) on July 1, 2011 and moves to proceed *in forma pauperis.* An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). It is respectfully **RECOMMENDED** that the District Court certify that the appeal in this case is not taken in good faith.

Plaintiff filed suit against her former employer, Sears Roebuck, alleging retaliation under Title VII of the Civil Rights Act of 1964, and the Florida Civil Rights Act of 1992, when she was terminated in retaliation for making a complaint about sexual harassment. Sears moved for summary

judgment which Judge Antoon granted, holding that Plaintiff had failed to satisfy two of the three elements of a prima facie case of retaliation because Plaintiff's own statements indicated she did not believe her supervisor's actions in "scratching himself" amounted to sexual harassment and no causal connection existed between her complaint and her termination. Doc. 177. Plaintiff's claim also failed at the pretext stage of the analysis because Plaintiff presented no evidence that Sears Roebuck's stated nondiscriminatory reason for terminating her – violation of its computer use policy, when she used a work computer for personal reasons – was pretext for retaliation; Plaintiff had been warned regarding improper use of the Internet six weeks prior to her sexual harassment complaint. Doc. 177. Judge Antoon also held that Plaintiff had no viable claims for damages in that she had formally withdrawn her claim for lost wages, and she has also repeatedly stated—in filings as well as in her deposition—that she was no longer seeking damages for emotional distress, mental anguish, or pain and suffering. Doc. 177.

Accordingly, Plaintiff's appeal from the Order is not taken in good faith in light of the conclusions in Judge Antoon's order granting summary judgment and Plaintiff's application to proceed *in forma pauperis* should be **DENIED**. *See* 28 U.S.C. § 1915(a)(3). It is respectfully **RECOMMENDED** that the District Court certify that the appeal in this case is not taken in good faith.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 23, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Case 6:10-cv-00321-JA-DAB   Document 187   Filed 08/23/11   Page 3 of 3 PageID 2434

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

Case 6:10-cv-00321-JA-DAB   Document 187   Filed 08/23/11   Page 3 of 3 PageID 2434